CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 29 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. TURNER, | ) |
| Plaintiff, | ) Civil Action No. 7:04CV00167 |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad <br> ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, William A. Turner, was born on January 29, 1965. Mr. Turner was graduated from high school and attended college for one year. He has past work experience as a self-employed carpenter, factory supervisor, line coordinator, and materials handler at a window manufacturer. On October 1, 2002, Mr. Turner filed applications for disability insurance benefits and supplemental

security income benefits. He alleged that he became disabled for all forms of substantial gainful employment on July 10, 2002, due to bilateral fractures to his heels and a fracture of his right knee, all suffered as a result of a twenty-five foot fall from a ladder. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Turner met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Mr. Turner's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 16, 2003, the Law Judge also determined that Mr. Turner is not disabled. The Law Judge found that Mr. Turner suffers from degenerative changes to the cervical spine, a status post right tibial plateau fracture, and status post bilateral calcaneus fractures. Despite these impairments, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform his past relevant work as a supervisor or line coordinator. Accordingly, the Law Judge ultimately concluded that Mr. Turner is not disabled, and that he is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Turner then appealed to this court.

By a memorandum opinion and order entered September 7, 2004, the court remanded the case to the Commissioner for consideration of new medical evidence. The new evidence included additional records from Carilion Orthopedic Surgery. It seems that on August 4, 2004, Mr. Turner was examined at the clinic, on complaints of pain in his feet as well as swelling of the medial tibia in his right leg. An examination revealed a two millimeter opening in his wound which exposed the

hardware in the right proximal tibia. On August 6, 2004, Mr. Turner underwent surgery at Carilion Roanoke Memorial Hospital to remove the exposed hardware.

Upon remand, the case was assigned to a different Administrative Law Judge for appropriate proceedings. At a supplemental administrative hearing, the Law Judge received input from a medical advisor. The Law Judge issued a recommended decision on March 17, 2005. The Law Judge found that plaintiff suffers from degenerative changes to the cervical spine, status post right tibial plateau fracture, and status post bilateral calcaneus fractures. The Law Judge specifically found that the new medical evidence, and specifically the reports from the new surgical procedure to remove exposed hardware in the right proximal tibia, did not demonstrate any additional limitations to plaintiff's capacity to perform regular work activity. The Law Judge found that Mr. Turner retains sufficient functional capacity to return to his past work as a supervisor and line coordinator. Accordingly, the second Law Judge also concluded that Mr. Turner is not disabled, and that he is not entitled to benefits under either federal program. See, generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Turner has again appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the

3

claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

On this occasion, the court must conclude that there is substantial evidence to support the Commissioner's final decision denying plaintiff's entitlement to benefits. Stated succinctly, the medical record establishes that, despite severe injuries, Mr. Turner recovered quickly from his fractures. Although plaintiff continued to complain of pain and restricted motion, his doctors indicated that he recovered a very good range of motion within a few months following his injuries. The court remanded the case in order to resolve any remaining questions as to whether plaintiff's continuing complaints could be related to any defect or failure in the hardware used to stabilize his right tibial fracture. Based on input provided by the medical advisor at the supplemental administrative hearing, the court believes that there is substantial evidence to support the Law Judge's finding that the surgical removal of the hardware was only a short-term set back, and that plaintiff continues to possess residual functional capacity for past relevant work.

Dr. H. C. Alexander, III, testified at the supplemental administrative hearing as a medical advisor. Dr. Alexander observed that the formation of a hole and the exposure of the hardware was an unusual occurrence. (TR. 318). Dr. Alexander testified that, following the surgical removal of the hardware, Mr. Turner enjoyed full weight bearing and excellent range of motion. (TR. 320). According to Dr. Alexander, Mr. Turner was able to control residual pain with a relatively mild, over-the-counter medication. (TR. 322). Dr. Alexander testified to the effect that the problem with the hardware did not appear to have been so significant or pronounced as to have caused or contributed to any disabling level of subjective discomfort during the months prior to the surgical removal. (TR. 324-26).

4

In summary, the earlier medical record establishes that Mr. Turner regained use of his lower extremities within a few months following his fall from the ladder. While plaintiff testified that he continued to suffer from severe and debilitating pain during this recovery period, the medical reports reflect that he did not voice such complaints to his physician. (TR. 158, 151, 150, 145, 173, and 177-78). The reports indicate that, during this period of time, plaintiff's complaints were centered on his left foot, and that he declined consideration of decompression of the posterior tibial nerve which was thought necessary by his physician to relieve his symptoms. (TR. 173). On September 15, 2003, Mr. Turner reported that the discomfort in his left foot was "much better." (TR. 177).

The court remanded the case for a determination as to whether plaintiff's complaints could be attributed to some malfunction in the surgically implanted hardware. The court believes, however, that the Administrative Law Judge might reasonably rely upon Dr. Alexander's testimony to the effect that if the hardware was causing pain, the hardware malfunction would have been observed well before any need of surgery. In short, the court finds substantial evidence to support the Law Judge's conclusion that the new medical evidence does not necessitate any different disposition in this case. It follows that the Commissioner's final decision denying plaintiff's entitlement to benefits must be affirmed.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Turner was without pain and discomfort during the months following his accident. Indeed, the record indicates that Mr. Turner underwent rigorous treatment, and that he could reasonably have been expected to experience a substantial measure of pain. However, the medical reports also confirm that plaintiff enjoyed a good recovery, and that his complaints of pain had subsided well within twelve months following his accident. While the problem with the hardware was certainly

a set back, there is simply no indication that Mr. Turner developed disabling pain for any significant period of time. It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge specifically considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of November, 2005.

_____
United States District Judge